HUNTINGTON NATIONAL BANK OF
WASHINGTON COURT HOUSE,
APPELLANT, *v.* STOCKWELL, APPELLEE.

(No. 82-CA-19—Decided April 27, 1983.)

Mr. *James A. Kiger*, for appellant.
Mr. *Robert L. Hammond*, for appellee.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Fayette County.

The defendant-appellee, Rebecca Stockwell, and her husband, not a party to this appeal, entered into an agreement to buy a van from a retail seller. As is the usual practice, a security interest in the vehicle was granted to the seller. The seller then assigned the note and security interest to the plaintiff-appellant, Huntington National Bank (hereinafter, the "bank").

The Stockwells experienced some marital difficulties and Mr. Stockwell separated from the appellee and moved to Gypsum, Ohio, leaving a forwarding address with the post office. Throughout this entire proceeding, the appellee has continued to reside and receive mail at the Washington Court House address listed on both the contract and the appellant's complaint.

The Stockwells defaulted on their installment payments. Mr. Stockwell drove the van to the bank's parking lot, parked it and placed the keys in the night depository.

Once the bank realized that it had "repossessed" the vehicle it sent a notice, pursuant to various Revised Code provisions discussed below, addressed to "Mr. and Mrs. Robert Stockwell" at the address listed in the contract and at which the appellee still resided. The notice was apparently forwarded to Mr. Stockwell in Gypsum and the appellee received no separate notice and had no actual notice of the information sent. The contents of the notice are not an issue.

The van was sold and the bank initiated this action for the deficiency against both Mr. Stockwell and the appellee. The appellee's motion for summary judgment was sustained by the trial court and the appeal herein was perfected.

The bank asserts the following assignment of error:

"The trial court erred as a matter of law in granting Defendant-Appellee, Rebecca Stockwell's motion for summary judgment by holding Plaintiff-Appellant Bank failed to give notice of public sale as required by Ohio Revised Code Section 1317.16."

While Article 9 of the Uniform Commercial Code (hereinafter the "UCC"), R.C. 1309.01 *et seq.*, governs secured transactions in Ohio, there is a statutory overlay where retail installment sales of consumer goods are involved in the form of the Retail Installment Sales Act, R.C. 1317.01 *et seq.* See R.C. 1309.47(F).

Upon repossession of collateral, all "debtors" are entitled to be sent two notices stemming from three Revised Code provisions. First, R.C. 1317.12 provides for a "cure" notice, not provided for in the UCC, to be sent to the debtors within five business days after the secured party takes possession of the collateral. Second, R.C. 1309.47(C) authorizes the secured party to dispose of repossessed collateral after "reasonable notification" of the sale is sent to the debtor. R.C. 1317.16(B) limits disposition to a *public* sale where a retail installment sale of consumer goods is involved, and adds that ten days' notice by certified mail must be sent to the debtor indicating the time and place of the sale, the minimum

price for the goods to be sold, and a warning that the debtor may be held liable for any deficiency. R.C. 1317.12 permits both notices to be sent at the same time.

In this case, the bank addressed the envelope of the notice to "Mr. and Mrs. Robert Stockwell" at the Washington Court House address. There is some question as to whether the notice was sent by certified mail, return receipt requested, as no evidence relating to the return receipt card was offered by the bank. In any event, the notice was not delivered to the Washington Court House address nor was a separate notice sent with the appellee distinctly listed as the addressee.

Since both Mr. Stockwell and the appellee are "debtors" pursuant to R.C. 1317.16 and 1317.12, each is entitled to be sent the notices described. While there is no statutory provision requiring the secured party to guarantee that each debtor receive actual notice of the matters involved, it is clear that significant rights of debtors are made known through the notices. This court believes that it is incumbent upon secured parties to comply with the statute in such a fashion that they can reasonably be assured that each debtor should receive actual notice unless through some fault of the debtor, the notice is not received.

The appellant argues that:

"[T]here is some duty on the part of the debtor to keep his or her creditors informed of their change of address, and more especially where the relationship is in the process of being severed."

Certainly the appellee owes no duty to inform the bank of a "change of address" when her address did not change. Whether Mr. Stockwell even had such a duty is not before this court as he is not a party, and in any event, he was forwarded the notice.

The bank apparently views the Stockwells as a unit, and not as separate debtors. Perhaps, therein lies the problem. While mailing one notice, addressed to "Mr. and Mrs.," followed by the husband's name, will, in many cases be reasonable, where the parties have separated, potential notice problems abound and the "reasonableness" of the notice may be re-examined.

Thus, this court finds that where: (1) the appellee was entitled to notice pursuant to R.C. 1309.47(C), 1317.12 and 1317.16, (2) she resided and received mail at the address listed on the contract, (3) no notice was sent which actually reached her at this address, (4) no separate notice was addressed and sent specifically to her, and (5) she had no actual or constructive notice of the information required to be given, then the notice which was sent was not commercially reasonable with respect to the appellee.

It has been held in Ohio that compliance with the notice requirements of R.C. 1309.47(C) is a condition precedent to the recovery of a deficiency judgment and a creditor's failure to comply with such requirements is an absolute bar to the recovery of a deficiency judgment. *Liberty Bank* v. *Greiner* (1978), 62 Ohio App. 2d 125 [16 O.O.3d 291]. See, also, *Motor Car Co.* v. *Textile-Tech* (1981), 68 Ohio Misc. 25 [22 O.O.3d 354]. While we recognize that there is some disagreement, nationally, on this point,[1] this court agrees with the rule set forth in *Liberty Bank, supra,* and would logically extend the rule to bar deficiency judgments where the secured party has not complied with the more detailed notice provisions of R.C. 1317.12 and 1317.16, which supplement R.C. 1309.47. Accordingly, appellant's single assignment of error is not well-taken and is hereby overruled.

---

[1] See, generally, Annotation (1974), Uniform Commercial Code: Failure of Secured Creditors to Give Required Notice of Disposition of Collateral as Bar to Deficiency Judgment, 59 A.L.R. 3d 401.

It is the order of this court that the judgment appealed from be, and the same hereby is, affirmed.

*Judgment affirmed.*

HENDRICKSON, P.J., KOEHLER and BROGAN, JJ., concur.

BROGAN, J., of the Second Appellate District, sitting by assignment in the Twelfth Appellate District.