**John R. BUTZ, Trustee in
Bankruptcy, Plaintiff,**

**v.**

**SOCIETY NATIONAL BANK OF the
MIAMI VALLEY, Defendant.**

**Nos. C–3–83–422, C–3–83–423.**

United States District Court,
S.D. Ohio, W.D.

June 30, 1987.

John R. Butz, Springfield, Ohio, Trustee.

DECISION AND ENTRY REJECTING THE FINDINGS, CONCLUSION AND PROPOSED ORDER OF THE UNITED STATES BANKRUPTCY JUDGE; JUDGMENT TO BE ENTERED IN FAVOR OF THE DEFENDANT SOCIETY NATIONAL BANK AND AGAINST THE PLAINTIFF; TERMINATION ENTRY

RICE, District Judge.

These consolidated adversary proceedings have been brought by Plaintiff John R. Butz, Trustee in Bankruptcy for Robert Leon Clark and Judy Denise Clark, and for Richard S. Lathman and Shirley I. Latham, against Society National Bank of the Miami Valley (Society) to recover on behalf of the bankrupts' estate a penalty under Ohio Rev.Code § 1309.50 for Society's alleged failure to comply with the ten-day notice requirement for proposed sale of repossessed goods contained in the Ohio Retail Installment Sales Act (RISA), Ohio Rev. Code § 1317.16.

The parties, while before the Bankruptcy Court, stipulated to the basic facts. The husband and wife debtors in each case agreed to purchase an automobile from a third party automobile dealer. To finance

the purchase, the debtors arranged for the financing with the Springfield Bank, Society's predecessor before a merger, and in connection with the financing, executed Installment Loan Notes in favor of the bank. (The bank will hereinafter be referred to as Society, the successor in interest to Springfield Bank). The debtors granted Society a security interest in the automobiles to secure payment of the notes by executing an Installment Loan Disclosure Statement and Security Agreement (Security Agreement). The Security Agreement authorized Society to disburse the loan proceeds directly to the automobile dealer to pay the purchase price of the vehicle.

Subsequently, the debtors defaulted in payment of the notes, and Society repossessed the automobiles. Society mailed a Notice of Repossession and Sale to the debtors, and it published a notice of its proposed sale of the automobiles in the *Springfield Daily News,* a newspaper of general circulation in Springfield and Clark County, Ohio. The publication of notice of sale occurred less than ten days prior to the sale in each case. The repossessed automobiles were sold at public auction, and Society sought to assert deficiency claims against the debtors. The debtors thereafter filed for bankruptcy. John Butz, the Trustee in Bankruptcy in each case, then filed the instant adversary actions.

Bankruptcy Judge Charles A. Anderson, after the submission of briefs and stipulated facts, entered his Findings, Conclusions and Proposed Order in which he determined that Society's sales of the repossessed automobiles were subject to RISA and that Society failed to publish notice of its proposed sale of the automobiles at least ten days prior to the sale. Accordingly, Judge Anderson proposed that judgment be entered in favor of the Plaintiff–Trustee. Society filed a Notice of Appeal and sought review by this Court in accordance with Rule (e)(2)(A)(iii) of the Emergency Rule for Administration of the Bankruptcy System.

## DISCUSSION

At the time that Judge Anderson's Proposed Order was rendered, the Bankruptcy Courts were governed by the Emergency Rule, which was drafted by the Director of the Administrative Office of the United States Courts and adopted by the District Courts. The Emergency Rule was intended to provide for the continuing operation of the Bankruptcy System in the wake of the Supreme Court's decision in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). The within adversary proceedings are "related proceedings," as defined in Emergency Rule (d)(3)(A), in that they are civil proceedings brought on behalf of the estates of bankrupts which, in the absence of a petition in bankruptcy, could have been brought in state court or, if there had been diversity of citizenship, in a district court. Under Emergency Rule (d)(3)(B), the Bankruptcy Judge may not enter a judgment or dispositive order in a related proceeding, but must submit Findings, Conclusions and a Proposed Judgment or Order to the district judge. The Proposed Judgment or Order in the related proceeding must be reviewed by the district judge regardless of whether or not an appeal has been taken. Emergency Rule (e)(2)(A)(iii). Finally, in reviewing related proceedings, the district court must conduct a *de novo* review "and may accept, reject, or modify, in whole or in part, the Order or Judgment of the bankruptcy judge, and need give no deference to the findings of the bankruptcy judge." Emergency Rule (e)(2)(B).

The sole issue presented in this action is whether the transactions in question were subject to the Ohio Retail Installment Sales Act (RISA) so as to require Society to publish its notices of sale ten days or more prior to the sale. Upon a *de novo* review of the briefs submitted by the parties hereto and the record of the proceedings before Judge Anderson, this Court concludes that the transactions at issue were not governed by RISA, and that, accordingly, the Plaintiff–Trustee's claim for a penalty pursuant to Ohio Rev.Code § 1309.50 must be dismissed.

The Plaintiff contends that Society failed to comply with Ohio Rev.Code § 1317.16 and its requirement that "the secured party shall cause to be published, at least ten days prior to the sale, a notice of such sale listing the items to be sold, in a newspaper of general circulation in the county where the sale is to be held." However, § 1317.16 applies only to "a secured party whose security interest is taken pursuant to Section 1317.071...." Ohio Rev.Code § 1317.16(A). Section 1317.071 applies, however, only to "retail sellers" who have taken a security interest in connection with a retail installment contract arising out of a consumer transaction. A "retail seller" is defined by § 1317.01(I) as a "seller who is a party to a retail installment contract." Section 1317.01(H) further defines "seller" as "a person who sells or agrees to sell goods."

Society, by agreeing to lend the sale price of the automobiles to the debtors and disbursing the loan proceeds directly to the seller of the automobiles, was a purchase money "lender" not a "retail seller." Society did not sell or agree to sell the goods to the buyers, but simply facilitated the sale by loaning money to the buyer. As such, Society cannot fit within the definition of "seller" as defined by § 1317.01, and RISA, therefore, is not applicable to the transactions herein.

In *Euclid National Bank v. Hodge*, No. 82–CVF–101900, slip op. (Cuyahoga Cty.Ct. App., December 12, 1985) [available on WESTLAW, 1985 WL 4341], the Court of Appeals for Cuyahoga County was faced with the nearly identical issue, and concluded that the bank, which had financed the sale of the appellant's automobile and had paid the loan proceeds directly to the automobile dealer, was not a "retail seller" within the meaning of Ohio Rev.Code § 1317.01(H) and (I). Thus, the transaction was held to be outside the scope of RISA.

Judge Anderson based his Proposed Order, at least in part, on a finding that Society was an assignee of a retail installment contract between the automobile dealers and the debtors. However, there simply was no evidence in the record before

Judge Anderson at the time of his decision, nor is there any evidence before this Court at the present time for that matter, which would permit such a finding. The only documents which were before the Bankruptcy Court and which are before this Court are the promissory notes executed by the debtors and Society and the Installment Loan Disclosure Statement and Security Agreements executed by the debtors and Society.

It appears to this Court that Judge Anderson, in finding that Society was an assignee of the retail installment contract, misinterpreted the language contained in the Security Agreement. Within the first paragraph of the Security Agreements executed by the debtors and Society was a recitation that the extension of credit had been arranged directly between the dealer and the bank. Such a recitation was required by the then applicable federal regulations. *See* 12 C.F.R. § 226.8(a) (1981), reprinted in 15 U.S.C.A. following § 1700. The recitation does not in any way indicate an assignment of a retail installment contract between the dealer and Society.

Judge Anderson also deemed significant the fact that the Security Agreement contained a "preservation of defenses" clause. In his decision, Judge Anderson wrote:

> Further, even though not controlling, it must be noted that the sales agreement (Installment Loan Disclosure Statement and Security Agreement) expressly covenants that, "Any holder of this consumer credit contract is subject to all claims and defenses which the debtor could assert against the seller of goods or services obtained pursuant hereto or with the proceeds hereof. Recovery hereunder by the Debtor shall not exceed amounts paid by the Debtor hereunder."

It is clear that Judge Anderson confused the sales agreement between the dealer and the debtors (which, incidently, was not in evidence before the Bankruptcy Court) with the Security Agreement executed by the debtors and Society. Moreover, the inclusion of the preservation of defenses clause is mandated by 16 C.F.R. §§ 433.1(d) and 433.2(b). Under these regulations, the

automobile dealers involved herein could not accept the proceeds of the purchase money loan unless the language cited above was included within the Installment Loan Disclosure Statement and Security Agreement. The federal regulations requiring the inclusion of the preservation of defenses clause are intended to protect consumers from the possible misuse of the holder in due course doctrine by unscrupulous businessmen. *See Provident Bank v. Barnhart,* 3 Ohio App.3d 316, 445 N.E.2d 746, 748–49 n. 2 (1982). The presence of the preservation of defenses clause does not indicate an assignment of a retail installment contract between the dealers and Society.

In its brief, Society aptly distinguished between two-party and three-party transactions, with the former not subject to RISA. A two-party transaction involves a direct loan by a lender to a buyer, who then grants the lender a security interest in the goods purchased with the loan proceeds. A three-party transaction involves a retail sale in which the seller extends credit to the buyer, takes a security interest in the goods, and then assigns the note and security agreement to a financial institution. In a three-party transaction, the financial institution will be subject to RISA because it has obtained its security interest through a retail seller in connection with a retail installment contract. *See* Ohio Rev.Code §§ 1317.16(A) and 1317.071. In a two-party transaction, there is no retail installment sale involved. The lender obtains its security interest directly from the buyer, not from the retail seller. The lender, rather than the retail seller, extends credit to the buyer. Accordingly, the two-party transaction is not subject to RISA. This Court agrees with Society's distinction between two-party and three-party transactions, and concludes that the transactions involved herein are plainly two-party transactions and not subject to RISA.

CONCLUSION

In sum, the transactions at issue in these adversary proceedings, between Society and the debtors herein, are not within the scope of RISA. Accordingly, Society was under no obligation to comply with the ten-day notice provision of Ohio Rev.Code § 1317.16. The Plaintiff–Trustee's claim for a penalty pursuant to Ohio Rev.Code § 1309.50 is hereby dismissed with prejudice.