HUNTINGTON NATIONAL BANK, APPELLEE, *v.* COLE, APPELLANT, ET AL.

(No. WD-87-23—Decided December 24, 1987.)

*Howard B. Hershman* and *Dennis Strong,* for appellee.

*Mark D. Tolles,* for appellant.

McCORMAC, J.   This is an appeal by defendant-appellant, Floyd W. Cole, from an order of the Bowling Green Municipal Court granting summary judgment in favor of plaintiff-appellee, the Huntington National Bank, in the amount of $2,343.88, plus interest at the rate of 14.95 percent per annum from April 25, 1986, plus costs.

Appellant asserts the following assignments of error:

"1.   The trial court erred in granting plaintiff-appellee's motion for summary judgment in that there is a material issue of fact of whether plaintiff-appellee is exempt from the provisions of the Retail Installment Sales Act, Chapter 1317 of the Ohio Revised Code.

"2.   The trial court erred in denying defendant-appellant's motion for summary judgment because the underlying transaction is subject to the provisions of the Retail Installment Sales Act and § 1317.12 of the Ohio Revised Code."

On March 13, 1985, Dale Cole and Floyd W. Cole executed a promissory note in favor of the Huntington National Bank to finance the purchase of an automobile from Auto Outlet in Bowling Green, Ohio. The note recited that the loan was made to finance the purchase from Auto Outlet and disclosed that the proceeds of the loan were being paid to the dealer on behalf of the makers. When defendants failed to make the payments required by the promissory note, the bank repossessed the automobile which was security for the debt. The bank then prepared and sent letters notifying the makers of their default in payment of the promissory note and the repossession of the automobile. The letters also informed defendants that the car would be sold at public sale at a specified time and that the minimum bid accepted would be $200. Huntington also informed defendants that they could regain the collateral by paying the full balance due on the loan and the expenses of repossession.

The automobile was sold at public sale and defendants were notified of the resulting deficiency. Huntington then instituted this action to recover the deficiency balance from the defendants. Defendant, Dale Cole, did not answer or otherwise plead in response to plaintiff's complaint and default judgment was entered against him. Defendant, Floyd W. Cole, filed an answer containing certain denials and alleging that he was entitled to notice of the right to cure the defect under the Retail Installment Sales Act, R.C. Chapter 1317.

Both parties filed motions for summary judgment. The materials in support of the summary judgment clearly showed that Huntington was entitled

to judgment for the deficiency unless Huntington was required to comply with the provisions of the Ohio Retail Installment Sales Act regarding notification of a debtor by secured party upon repossession of the collateral. The issue, thus, is whether Huntington was required to comply with R.C. 1317.12 and 1317.16 in order to be entitled to a judgment for the deficiency.

Defendant alleges error in the trial court's conclusion that R.C. Chapter 1317 is inapplicable to the facts in this case. R.C. Chapter 1317 includes the Retail Installment Sales Act ("RISA"), which regulates various aspects of consumer transactions. RISA directs the actions to be taken by a secured creditor in disposing of a repossessed collateral after default by a retail buyer. Defendant asserts that the facts herein are within the scope of RISA and that plaintiff was bound to adhere to the notice requirements of R.C. 1317.12 and 1317.16. R.C. 1317.12 provides that, within five days after taking possession of collateral upon default by a debtor in a consumer transaction, a secured party must send a notice to the debtor "* * * setting forth specifically the circumstances constituting the default and the amount by itemization that the debtor is required to pay to cure his default. * * *" It further provides that failure to send the required notice results in the loss of the secured party's right to recover the repossession costs and to obtain a deficiency judgment. R.C. 1317.16 provides the specified procedure to be used by the secured party in disposing of the collateral.

The notice sent by Huntington to defendants did not comply with the requirements of R.C. 1317.12 and 1317.16.

R.C. 1317.12 requires the sending of notice only "* * * if collateral for a consumer transaction is taken possession of by the secured party on default

* * *." Further notice must be sent under R.C. 1317.16 only when a secured party takes a security interest pursuant to R.C. 1317.071, which provides in pertinent part:

"No retail seller, in connection with a retail installment contract arising out of a consumer transaction, shall take any security interest other than as authorized by this section. * * *"

In order for the aforesaid notice provisions to apply herein, a consumer transaction must have been involved. R.C. 1317.01(P) defines "consumer transaction" as follows:

"(P) * * * [A] sale, lease, * * * or other transfer of an item of goods, * * * except those transactions between persons, defined in [section] * * * 5725.01 of the Revised Code, and their customers, * * * to an individual for purposes that are primarily personal, family, or household."

R.C. 5725.01 contains the definition of a "financial institution." It is undisputed that plaintiff is a financial institution. Therefore, Huntington's actions in providing financing for the purchase of the car fit squarely within the exception noted in R.C. 1317.01(P), if the transaction was between a financial institution and its customers.

Defendant asserts that there is a factual issue as to whether defendants were customers of Huntington in that they did not deal directly with Huntington in obtaining financing because the papers for the financing were presented to them by the automobile dealer and the funds from the transaction were not paid to them but directly to the dealer. Even if these were the facts, defendants were still customers of Huntington in regard to this transaction.

The term "customer" is not defined in R.C. Chapter 1317. However, the exhibit attached to plaintiff's complaint is a promissory note and securi-

ty agreement running directly between plaintiff and defendants. There is no indication that there was any other contract or agreement between the parties. The transaction was a two-party transaction between defendants as customers of the financial institution regardless of where the note may have been signed or what agent of the bank presented the note to defendant. Other courts have rejected defendant's argument that the transaction somehow came under RISA because the note was handled by the automobile dealer and/or the proceeds were paid directly to the dealer pursuant to authority contained in the note and transaction. See *Huntington Natl. Bank* v. *Elkins* (1987), 43 Ohio App. 3d 64, 539 N.E. 2d 1135; *Butz* v. *Society Natl. Bank* (June 30, 1987), S.D. Ohio Nos. C-3-83-422 and C-3-83-423, unreported; *Euclid Natl. Bank* v. *Hodge* (Dec. 12, 1985), Cuyahoga App. No. 49705, unreported; *Lake Natl. Bank* v. *Galliher* (Oct. 22, 1982), Lake App. No. 9-055, unreported. We have been cited to no authority directly on point that holds otherwise.

Since no set of circumstances or facts has been suggested that would make Huntington subject to the notice provisions of R.C. Chapter 1317, the trial court properly rendered summary judgment for plaintiff.

Appellant's assignments of error are overruled, and the judgment of the trial court is affirmed. It is ordered that appellant pay the court costs of this appeal.

*Judgment affirmed.*

CONNORS and GLASSER, JJ., concur.

JOHN W. MCCORMAC, J., of the Tenth Appellate District, sitting by assignment.