**HUNTINGTON BANK, Appellant,**

v.

**SABEIHA, Appellee.**

[Cite as *Huntington Bank v. Sabeiha* (1989), 63 Ohio App.3d 334.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 56495.

Decided June 19, 1989.

Strachan, Green, Miller, Olender & Hobt and Bradley D. Burland, for appellant.

Levine & Levine and David L. Levine, for appellee.

Per Curiam.

The plaintiff-appellant, Huntington Bank, is appealing the trial court's judgment in favor of the defendant-appellee, Nabil Sabeiha, on the bank's claim for money due from the appellee under the terms of an automobile finance agreement exclusively between the parties. This appeal has been docketed on the accelerated calendar. See Local Appellate Rule 25.

Pursuant to the court's order, both parties submitted stipulations of fact and briefs on the issues of law involved in the claim. On September 2, 1988, the court filed its order dismissing any deficiency owed by the defendant-appellee. The court found that the transaction between the parties involved a consumer goods transaction governed by the Retail Installment Sales Act, R.C. Chapter 1317. Specifically, the court found the case governed by the notice requirements set forth in R.C. 1317.12 (default of payment on a retail installment contract) and R.C. 1317.16 (disposition of collateral taken from a secured party to a retail installment contract). The court denied the plaintiff-bank the exemption of financial institutions, as defined in R.C. 5725.01(A), from consumer transactions governed by R.C. Chapter 1317.

Huntington Bank has appealed, bringing two assignments of error.

"I. The Court below erred in its application of Section 1317 of the Ohio Revised Code in its finding that the subject transaction between plaintiff and

defendant was a 'consumer goods' transaction, obligating plaintiff to allow defendant to cure his default.

"II. The Court below erred in its use of Section 5725.01 of the Ohio Revised Code in its finding that plaintiff was obligated to notify the defendant of his right to cure his default in his obligation with the plaintiff."

These assignments of error are well taken.

The trial court erred in concluding that the appellant-bank was not exempt from the notice requirements set forth in R.C. 1317.12 and 1317.16. These statutory provisions govern the notice requirements for the public sale of collateral obtained by a retail seller upon a customer's default of payment pursuant to a retail installment sales contract. R.C. 1317.01(P) excludes from consumer transactions governed by R.C. Chapter 1317, transactions between "financial institutions * * * in the business of * * * lending money," R.C. 5725.01(A), and their customers. Therefore, transactions between financial institutions and their customers are exempt from the notice of public sale provisions of R.C. 1317.12 and 1317.16. See *Euclid Natl. Bank v. Hodge* (Dec. 12, 1985), Cuyahoga App. No. 49705, unreported, 1985 WL 4341.

Accordingly, we reverse the trial court's dismissal of the deficiency amount owed the appellant-bank by the appellee and remand for a determination of the amount owed.

*Judgment reversed*
*and cause remanded.*

ANN McMANAMON, C.J., JOHN V. CORRIGAN and DYKE, JJ., concur.