**TOLEDO TRUST COMPANY, Appellee,**

v.

**ALDRICH, Appellant.**

[Cite as *Toledo Trust Co. v. Aldrich* (1989), 65 Ohio App.3d 189.]

Court of Appeals of Ohio,
Seneca County.

No. 13–87–20.

Decided Oct. 30, 1989.

*Jeffrey Whitman,* for appellee.

*Paul W. Allison,* for appellant.

MILLER, Judge.

This is an appeal by defendant, Melvin G. Aldrich, from a deficiency judgment entered by the Municipal Court of Fostoria, Ohio, in favor of plaintiff, Toledo Trust Company.

The defendant entered into an "Installment Loan Security Agreement" with the plaintiff for the amount of $7,907.85. A security interest in the defendant's automobile, a 1979 Oldsmobile, was given to the plaintiff as security for the loan.

The defendant defaulted on his installment payments. At the time of defendant's default he owed the plaintiff $5,722.78. The plaintiff repossessed the collateral and provided notice to the defendant, by certified mail, on March 17, 1986, of the public sale of the automobile. The sale of the automobile was to be held on April 7, 1987 at the Marion Auto Auction at 4:00 p.m. Further, the plaintiff placed an advertisement in a newspaper of general circulation in the county of the sale, noting the time and place of the sale. On April 7, 1986, the sale took place, but the vehicle was not sold.

On April 21, 1986, the plaintiff sent notice to defendant, by certified mail, indicating that the sale of the vehicle would take place on *May 4*, 1986. The notice was returned indicating that the party had "moved, no forwarding address." In addition, the plaintiff placed advertisements in two newspapers of general circulation in the county of the sale. The advertisements stated that the sale would take place on *May 3*, 1986. These advertisements were published in the newspapers on April 26, 1986, April 27, 1986, May 1, 1986, and May 2, 1986.

The vehicle was sold for $1,450 on May 3, 1986. The plaintiff initiated this action for the deficiency against the defendant. The trial court in its August 14, 1987 judgment entry found:

" * * * Thus, the court holds that given the entire sequence of events, the court finds no defects or inaccuracies that would violate the notice statute and accordingly enters judgemnt [*sic*] for the plaintiff and against the defendant in the sum of $5,722.78. It is therefore, ORDERED, ADJUDGED AND DECREED that the defendant, Melvin G. Aldrich, pay to the plaintiff, the Toledo Trust Company, the judgment amount of $5,722.78, with interest at 10% from the date of judgment and for court costs."

Defendant appeals asserting one assignment of error.

"The Fostoria Municipal Court erred in not holding that a deficiency judgment against appellant/defendant is barred by R.C. 1309.47 and/or R.C. 1317.16."

R.C. 1309.47 provides in pertinent part:

"(C) Disposition of the collateral may be by public or private proceedings and may be made by way of one or more contracts. Sale or other disposition may be as a unit or in parcels and at any time and place and on any terms but every aspect of the disposition including the method, manner, time, place, and

terms must be commercially reasonable. Unless collateral is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market, reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor if he has not signed after default a statement renouncing or modifying his right to notification of sale. In the case of consumer goods no other notification need be sent. In other cases, notification shall be sent to any other secured party from whom the secured party has received, before sending his notification to the debtor or before the debtor's renunciation of his rights, written notice of a claim of an interest in the collateral. * * * "

Further, upon disposition of collateral by a secured party, R.C. 1317.16 provides in part:

"(B) Disposition of the collateral shall be by public sale only. Such sale may be as a unit or in parcels and the method, manner, time, place, and terms thereof shall be commercially reasonable. At least ten days prior to sale the secured party shall send notification of the time and place of such sale and of the minimum price for which such collateral will be sold, together with a statement that the debtor may be held liable for any deficiency resulting from such sale, by certified mail, return receipt requested, to the debtor at his last address known to the secured party, and to any persons known by the secured party to have an interest in the collateral. In addition, the secured party shall cause to be published, at least ten days prior to the sale, a notice of such sale listing the items to be sold, in a newspaper of general circulation in the county where the sale is to be held."

The defendant contends that the plaintiff creditor was not entitled to a deficiency judgment against him in this case because the plaintiff did not strictly comply with the notice requirement set forth in R.C. 1317.16. Further, the defendant claims that the sale of the vehicle was commercially unreasonable because it was sold for an amount less than the stated minimum amount established by the plaintiff.

In this case, the plaintiff placed advertisements in two newspapers of general circulation. The advertisements began to run on April 26, 1986. The sale of the vehicle took place on May 3, 1986, eight days after notice by publication was given.

In *Liberty Bank v. Greiner* (1978), 62 Ohio App.2d 125, 131, 16 O.O.3d 291, 295, 405 N.E.2d 317, 322, the court stated:

"While there is respectable authority which supports the trial court's finding, we hold that the better and more reasonable construction of R.C.

1309.47(C) requires us to adopt the view that a creditor's full compliance with the statutory notice requirements is a condition precedent to the recovery of a deficiency judgment. * * * "

Further, in *Huntington Natl. Bank v. Stockwell* (1983), 10 Ohio App.3d 30, 32, 10 OBR 38, 40, 460 N.E.2d 303, 305, the court stated:

"It has been held in Ohio that compliance with the notice requirements of R.C. 1309.47(C) is a condition precedent to the recovery of a deficiency judgment and a creditor's failure to comply with such requirements is an absolute bar to the recovery of a deficiency judgment. *Liberty Bank v. Greiner* (1978), 62 Ohio App.2d 125 [16 O.O.3d 291, 405 N.E.2d 317]. See, also, *Motor Car Co. v. Textile–Tech* (1981), 68 Ohio Misc. 25 [22 O.O.3d 354, 428 N.E.2d 882]. While we recognize that there is some disagreement, nationally, on this point, this court agrees with the rule set forth in *Liberty Bank, supra,* and would logically extend the rule to bar deficiency judgments where the secured party has not complied with the more detailed notice provisions of R.C. 1317.12 and 1317.16, which supplement R.C. 1309.47. * * * "

We conclude that the plaintiff failed to provide proper notice pursuant to R.C. 1317.16.

However, the plaintiff contends that despite the technical errors in the notice sent to the defendant and the notice placed in the newspapers, the trial court's granting of the deficiency was proper when the total circumstances of the sale are viewed indicating that it was commercially reasonable.

R.C. 1309.47(C) requires that "every aspect of the disposition including the method, manner, time, place, and terms must be commercially reasonable." To determine whether a sale is "commercially reasonable," R.C. 1309.50(B) provides in pertinent part:

"The fact that a better price could have been obtained by a sale at a different time or in a different method from that selected by the secured party is not of itself sufficient to establish that the sale was not made in a commercially reasonable manner. If the secured party either sells the collateral in the usual manner in any recognized market therefor or if he sells at a price current in such market at the time of his sale or if he has otherwise sold in conformity with reasonable commercial practices among dealers in the type of property sold, he has sold in a commercially reasonable manner. * * * "

The plaintiff's conduct in the sale of collateral should be evaluated in terms of the good faith requirement under R.C. 1301.09. See *Liberty Bank, supra,* 62 Ohio App.2d at 132, 16 O.O.3d at 296, 405 N.E.2d at 323.

In *Liberty Bank, supra,* at 132–133, 16 O.O.3d at 296–297, 405 N.E.2d at 323–324, the court, upon determining whether the disposition of collateral was commercially reasonable, stated:

"The code does not specifically define the relationship between the notice provisions of R.C. 1309.47(C) and the requirement that the disposition of the collateral be made in a commercially reasonable manner. Some courts have held that the 'commercially reasonable' requirement is general in scope and effect and is not mutually exclusive of the notice requirement. These courts consider compliance with the notice requirement as one of several elements bearing on the question of commercial reasonableness. * * * [Citation omitted.] Other courts have treated the issues of notice and commercial reasonableness as related but independent requirements. * * * [Citation omitted.] We find that the latter view best reflects the language employed by the drafters and best effectuates the purposes and policies behind the two requirements. While the issue of notice to the debtor should be considered in the determination of commercial reasonableness, that factor alone is not controlling.

" * * *

"Where, as in the case *sub judice,* the creditor fails to comply with the notice provisions of R.C. 1309.47(C), the creditor cannot establish a condition precedent to recovery and, therefore, cannot obtain a deficiency judgment even if the requirement of commercial reasonableness has otherwise been met."

Except for the failure of plaintiff to give the defendant proper notice, plaintiff has otherwise complied with its obligation of good faith and commercial reasonableness. However, because we have taken the position that proper notice is an independent requirement, our finding that the sale was commercially reasonable does not affect the plaintiff's failure to provide proper notice to the defendant.

We conclude, based on the holdings in *Liberty Bank, supra,* and *Huntington Natl. Bank, supra,* that the plaintiff cannot establish a condition precedent to recovery, *i.e.,* proper notice, and therefore, plaintiff cannot obtain a deficiency judgment against the defendant, even if the sale of the vehicle was commercially reasonable.

Defendant's assignment of error is well taken.

For the reasons set forth above the judgment of trial court granting a deficiency judgment in favor of the plaintiff is reversed.

*Judgment reversed.*

SHAW and THOMAS F. BRYANT, JJ., concur.