**SOCIETY BANK & TRUST, Appellant,**

v.

**HICKLE et al., Appellees.**

[Cite as *Soc. Bank & Trust v. Hickle* (1992), 82 Ohio App.3d 406.]

Court of Appeals of Ohio,
Seneca County.

No. 13–92–25.

Decided Sept. 30, 1992.

*Alan H. Weinberg,* for appellant.

*Donald J. Guernsey,* for appellee, Bruce A. Hickle.

*Barbara L. Marley,* for appellee, Brandie C. Hickle.

PER CURIAM.

This is an appeal by plaintiff-appellant Society Bank & Trust ("Society") from a decision of the Tiffin Municipal Court of Seneca County in which summary judgment was granted in favor of defendant-appellee Bruce A. Hickle, based on Society's failure to comply with certain statutory notice provisions prior to obtaining a deficiency judgment against Hickle following default on an automobile loan.

In 1989, Hickle executed a promissory note in the approximate amount of $14,000 to Society. The funds were obtained from Society for the purpose of purchasing a 1989 Oldsmobile Cutlass Supreme automobile. The promissory note incorporated a security agreement of the same date granting a security interest to Society in the automobile. Hickle subsequently defaulted on the note and Society repossessed the automobile.

Following the repossession, Society sent letters to Hickle containing notice of the default, repossession, and the date, time and location of the public sale of the automobile, together with information regarding the manner in which Hickle might regain possession of the vehicle. It is uncontroverted that these notices contained all of the information required under R.C. 1309.47(C), governing post-default disposition of collateral by a secured party.

The automobile was subsequently sold at public auction for approximately $8,000 and Society then filed the present action in the trial court to obtain a deficiency judgment in the approximate amount of $6,000. Hickle filed a

motion for summary judgment against Society on the basis that the bank was not entitled to a deficiency judgment for its failure to comply with certain notice requirements contained in R.C. 1317.16, governing post-default disposition of collateral by a retail seller. It is uncontroverted that the notices sent by Society did not contain all of the information required under R.C. 1317.16.

Relying exclusively upon a 1989 decision of this court indicating that the notice provisions of R.C. 1309.47 and 1317.16 must be construed together and strictly complied with in these cases, the municipal court granted Hickle's motion for summary judgment. Society now appeals, asserting the following single assignment of error:

"The trial court improperly granted summary judgment in favor of defendant Bruce Hickle because Ohio Revised Code Section 1317.16 applies only to retail installment sales transactions and not to the loan transaction between Society and the Hickles."

In *First Natl. Bank v. Turner* (1981), 1 Ohio App.3d 152, 1 OBR 463, 439 N.E.2d 1259, we held:

"It is obvious that R.C. 1309.47 controls disposition of goods after default, except by a retail seller in connection with a retail installment contract arising out of a consumer transaction.

"Here, the bank was a 'lender,' * * * and was in no manner a retail seller. The provisions of R.C. 1317.16 are not applicable to this situation * * *." *Id.* at 154, 1 OBR at 465, 439 N.E.2d at 1262.

Other appellate courts throughout the state are in accord with our decision in *Turner*, holding that the additional notice requirements of R.C. 1317.16 are directed only to "consumer transactions" involving a "retail installment contract" with a "retail seller" and do not apply to a financial institution upon the disposition of collateral following loan default and repossession. See *Huntington Natl. Bank v. Sabeiha* (1989), 63 Ohio App.3d 334, 578 N.E.2d 860; *Huntington Natl. Bank v. Freeman* (1989), 53 Ohio App.3d 127, 560 N.E.2d 251; *Bank One v. Doughman* (1988), 59 Ohio App.3d 60, 571 N.E.2d 442; *Huntington Natl. Bank v. Cole* (1987), 44 Ohio App.3d 28, 540 N.E.2d 735; *Huntington Natl. Bank v. Elkins* (1987), 43 Ohio App.3d 64, 539 N.E.2d 1135, reversed on other grounds (1990), 53 Ohio St.3d 79, 559 N.E.2d 456.

Although the merits of the case are not directly on point, we also note the following comment of the Ohio Supreme Court in a footnote to its opinion in *Blon v. Bank One, Akron, N.A.* (1988), 35 Ohio St.3d 98, 519 N.E.2d 363:

"Although not raised by the parties on appeal, we note our agreement with the lower courts that, because Bank One is a financial institution under R.C. 5725.01(A), the transaction at issue is excepted from application of the Ohio

Retail Installment Sales Act by R.C. 1317.01(P) and the Ohio Consumer Sales Practices Act by R.C. 1345.01(A)." *Id.* at 100, 519 N.E.2d at 367, fn. 3.

In the case before us we have examined anew the provisions of R.C. 1309.47 and 1317.16, together with the statutes referenced therein, including, in particular, the definitions set forth in R.C. 1317.01 pertaining to "retail-seller," "retail installment sale," "retail installment contract" and "consumer transaction." We have also reviewed the definition of a "financial institution" as set forth in R.C. 5725.01(A) and noted by the Supreme Court in *Blon v. Bank One, supra.* Based upon our review of these statutory provisions and the foregoing case authority, it is our conclusion that the notice provisions of R.C. 1317.16 are not applicable to the loan transaction in the case before us.

As noted earlier, in arriving at the contrary conclusion, the trial court relied exclusively upon our decision in *Toledo Trust Co. v. Aldrich* (1989), 65 Ohio App.3d 189, 583 N.E.2d 371, wherein we also addressed the disposition of loan collateral by a lending institution. In that case, the notices sent to the debtor were defective for stating the wrong date of sale, which we found to be violative of the notice requirements of both R.C. 1309.47 and 1317.16.

However, upon re-examination of the *Aldrich* opinion, it would appear that our references therein to the requirements of R.C. 1317.16 were (1) unnecessary, inasmuch as the result reached in that case could have been reached based solely upon the provisions of R.C. 1309.47(C), and (2) improvident, in view of our prior holding in *First Natl. Bank v. Turner, supra.*

Thus, we now reiterate our approval of our previous holding in *First Natl. Bank v. Turner, supra,* and those authorities in accord set forth earlier. Moreover, to the extent that our opinion in *Toledo Trust Co. v. Aldrich* might be construed as inconsistent with our decision in *Turner* and the case before us, *Aldrich* should be regarded as overruled.

While we commend the trial court for its efforts to apply a reasonable construction of the *Aldrich* language to the case before us, we must obviously reverse the trial court's decision, based upon what we believe is the better approach set forth today. Accordingly, the appellant's assignment of error is sustained, the judgment of the municipal court is reversed, and the case is remanded to that court for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

EVANS, SHAW and THOMAS F. BRYANT, JJ., concur.