FIRST NATIONAL BANK [OF] NEW BREMEN, APPELLEE, *v.* TURNER, APPELLANT.

(No. 2-80-8—Decided March 16, 1981.)

*Garmhausen, Kerrigan, Elsass, Lewis & Co., L.P.A.,* and *Mr. John M. Garmhausen,* for appellee.

*Messrs. Snyder & Alge* and *Mr. Daniel M. Snyder,* for appellant.

MILLER, J. This is an appeal from a summary judgment entered by the Court of Common Pleas of Auglaize County granting plaintiff-appellee, First National Bank of New Bremen, a deficiency judgment against defendant-appellant, Clarence Turner.

On November 9, 1977, defendant executed a note to plaintiff in the amount of $14,001.12 payable in monthly installments of $583.38.

Upon default, plaintiff repossessed and sold at private sale a truck which secured the note, crediting the note with

the sale price of the truck. Plaintiff then filed its complaint demanding judgment for $6,037.76, plus interest and costs. The note and a record of payments were attached to the complaint as exhibits.

Defendant filed a motion to dismiss which the trial court overruled.

Defendant then answered, first denying that he owed plaintiff the sum of $6,037.76, and then asserting, as an affirmative defense, that plaintiff had sold the truck without proper notice and was not entitled to a deficiency judgment.

The parties both moved for summary judgment and made written stipulations including a stipulation that all testimony and evidence adduced at the hearing on defendant's motion to dismiss be considered on the motions for summary judgment.

The trial court sustained plaintiff's motion, overruled defendant's motion and granted summary judgment in favor of plaintiff.

Defendant appeals setting forth five assignments of error.

Assignment of Error No. I:

"The Trial Court erred in finding that Section 1317.16 O.R.C. does not apply to disposition of collateral under 1309.47 O.R.C."

R.C. 1309.47 is entitled "Secured party's right to dispose of collateral after default; effect of disposition," and, as pertinent to this appeal, provides:

"(A) A secured party after default may sell, lease, or otherwise dispose of any or all of the collateral in its then condition or following any commercially reasonable preparation or processing. Any sale of goods is subject to sections 1302.01 to 1302.98 of the Revised Code. * * *

"* * *

"(C) Disposition of the collateral may be by public or private proceedings and may be made by way of one or more contracts. Sale or other disposition may be as a unit or in parcels and at any time and place and on any terms but every aspect of the disposition including the method, manner, time, place, and terms must be commercially reasonable. Unless collateral is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market, reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor if he has not signed after default a statement renouncing or modifying his right to notification of sale. * * *

"* * *

"(F) This section is subject to the limitations of section 1317.16 of the Revised Code."

R.C. 1317.16 is entitled "Disposition of Collateral" and provides:

"(A) A secured party whose security interest is taken pursuant to section 1317.071 of the Revised Code may, after default, dispose of any or all of the collateral only as authorized by this section.

"(B) Disposition of the collateral shall be by public sale only. Such sale may be as a unit or in parcels and the method, manner, time, place, and terms thereof shall be commercially reasonable. At least ten days prior to sale the secured party shall send notification of the time and place of such sale and of the minimum price for which such collateral will be sold, together with a statement that the debtor may be held liable for any deficiency resulting from such sale, by certified mail, return receipt requested, to the debtor at his last address known to the secured party, and to any persons known by the secured party to have an interest in the collateral. In addition, the secured party shall cause to be published, at least ten days prior to the sale, a notice of such sale listing the items to be sold, in a newspaper of general circulation in the county where the sale is to be held.

"(C) Except as modified by this section, section 1309.47 of the Revised Code

governs disposition of collateral by the secured party."

R.C. 1317.071 states that "[n]o retail seller, in connection with a retail installment contract arising out of a consumer transaction, shall take any security interest other than as authorized by this section."

"Retail seller" means a seller who is a party to a retail installment sale. R.C. 1317.01(I).

"Retail installment sale" includes every retail installment contract to sell specific goods, every consumer transaction in which the cash price may be paid in installments over a period of time, and every retail sale of specific goods to any person in which the cash price may be paid in installments over a period of time. R.C. 1317.01(A).

A "secured party" means a lender, seller, or other person in whose favor there is a security interest, including a person to whom accounts or chattel paper have been sold. R.C. 1309.01(A)(13).

It is obvious that R.C. 1309.47 controls disposition of goods after default, except by a retail seller in connection with a retail installment contract arising out of a consumer transaction.

Here, the bank was a "lender," having provided defendant with money to pay off International Harvester Credit Union, a prior lien holder and to pay a repair bill in Pennsylvania and was in no manner a retail seller. The provisions of R.C. 1317.16 are not applicable to this situation and the first assignment of error is not well taken.

Assignment of Error No. II:

"The Trial court erred in finding that Plaintiff-Appellee reasonably complied with the notice requirements of Section 1309.47 R.C."

Assignment of Error No. III:

"The Trial Court erred in finding that the unclaimed notice complied with the requirements of 1309.47 O.R.C."

R.C. 1309.47 requires reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale is to be made to be sent by the secured party to the debtor if he has not signed a statement renouncing his right to such notification. There was no such renunciation here.

Early in July 1978, plaintiff repossessed defendant's truck and, on July 10, 1978, plaintiff sent a notice of sale to defendant by certified mail. This notice was returned by the postal authorities marked "unclaimed," and, on or about October 3, 1978, the truck was sold for $5,500.

The notice mailed to defendant stated "[t]his vehicle will be sold for the highest bid received on or after July 21, 1978." Although not specifically stating that the sale was to be a private sale, the only logical inference to be drawn was that the sale would be private.

We conclude that the notice complied with the requirements of R.C. 1309.47.

R.C. 1301.01(LL) provides that:

" 'Send' in connection with any writing or notice means to deposit in the mail or deliver for transmission by any other usual means of communication with postage or cost of transmission provided for and properly addressed and in case of an instrument to an address specified thereon or otherwise agreed, or if there be none to any address reasonable under the circumstances. * * *"

The facts before the trial court here are unrefuted that the notice was placed in the mail, certified, with postage, properly addressed to defendant and, in fact, three notices of its being in existence were left at defendant's address.

The statutory requirements of notice were fulfilled and the second and third assignments of error are not well taken.

Assignment of Error No. IV:

"The Trial Court erred in finding that the sale of [the] repossessed collateral was commercially reasonable."

Although not clearly defined in the

Code, R.C. 1309.50(B) states concerning commercial reasonableness that:

"The fact that a better price could have been obtained by a sale at a different time or in a different method from that selected by the secured party is not of itself sufficient to establish that the sale was not made in a commercially reasonable manner. If the secured party either sells the collateral in the usual manner in any recognized market therefor or if he sells at the price current in such market at the time of his sale or if he has otherwise sold in conformity with reasonable commercial practices among dealers in the type of property sold, he has sold in a commercially reasonable manner. * * *"

The burden of proof that the sale was commercially reasonable lies with the secured party. *Peoples Acceptance Corp.* v. *Van Epps* (1978), 60 Ohio App. 2d 100 [14 O.O.3d 75]; *United States* v. *Willis* (C.A. 6, 1979), 593 F.2d 247.

Headnotes two and three of *Peoples Acceptance Corp.* v. *Van Epps, supra,* accurately summarize the holding of the court:

"2. A secured party should always attempt to sell the repossessed collateral for the best price possible, and where there is a gross discrepancy between the disposal and the original sale price of the repossessed collateral, there must be some affirmative showing on the part of the secured party that the terms of the repossession sale were commercially reasonable.

"3. The sale of a repossessed vehicle for one-tenth of the original purchase price nine months after that purchase constitutes a *prima facie* case of commercial unreasonableness in the absence of evidence that the secured party made good faith efforts to secure a higher price for the vehicle."

We must consider the commercial reasonableness of the sale in light of the fact that the trial court's determination was made on a motion for summary judgment.

"* * * [B]efore summary judgment may be granted, it must be determined that: (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple* v. *Wean United, Inc.* (1977), 50 Ohio St. 2d 317, 327 [4 O.O.3d 466].

Defendant's testimony was that the truck was of an estimated value of $8,000. Plaintiff's representative testified that he had an offer of $4,000 and ultimately sold the truck for $5,500. There was no evidence otherwise tending to prove value.

The ultimate aim of the statute (R.C. 1309.47) is that the highest price be realized from the collateral sold for the benefit of all parties. See Committee Comment to R.C. 1309.47.

We conclude that a determination that the highest price was obtained by the private sale conducted by plaintiff and that the sale was, thus, commercially reasonable is not the only conclusion that reasonable minds could come to on the facts and that summary judgment was unwarranted.

The fourth assignment of error is well taken.

Assignment of Error No. V:

"The Trial Court erred in finding there was no genuine issue as to any material fact in granting Plaintiff Summary Judgment on January 24, 1980."

Having determined that the trial court erred in finding that the sale was commercially reasonable, we find this assignment of error to be well taken.

The judgment of the trial court must be reversed insofar as it renders summary judgment for plaintiff and affirmed insofar as it denies summary judgment to defendant; and, this cause is remanded

with instructions to overrule plaintiff's motion for summary judgment and for further proceedings according to law.

*Judgment reversed and cause remanded.*

COLE, P.J., and GUERNSEY, J. concur.