OPINION
This appeal is taken by plaintiff-appellant North Main Motors, Inc. ("North Main") from a judgment of the Municipal Court of Marysville in favor of defendant-appellee Lynda Bugh ("Bugh").
On August 25, 1996, Bugh entered into a contract with North Main to purchase a used car for $6,886.50. The car was purchased "as is." Over the next six months, Bugh had numerous mechanical problems with the car and eventually could not afford to keep it. North Main eventually repossessed the car for nonpayment. On April 17, 1997, the car was sold at a public sale for $500 to North Main and Bugh was notified that she owed a deficit balance of $5,199.42. On May 13, 1997, North Main filed a complaint in the Municipal Court of Marysville to recover the deficit. A trial was held on August 17, 1997. The trial court found for the defendant on the grounds that the sale of the repossessed vehicle was not commercially reasonable. It is from this judgment that North Main appeals.
North Main alleges the following assignments of error.
 The trial court erred in finding the sale to be commercially unreasonable and awarding judgment to Bugh.
 The trial court erred in considering irrelevant and inadmissible evidence in rendering its decision.
When reviewing the decision of the trial court, the appellate court cannot overturn the findings of the trial court unless the judgment is manifestly against the weight of the evidence.Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77,461 N.E.2d 1273. "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." C.E. Morris Co. v . Foley Constr. Co.
(1978), 54 Ohio St.2d 279, 280, 376 N.E.2d 578.
North Main's first assignment of error claims that the trial court should not have found the sale to be commercially unreasonable because the issue was not raised by Bugh. Although, Bugh did not specifically contest the reasonableness of the sale, that issue was raised when North Main sued Bugh for the deficit remaining after the sale.
 (A) A secured party whose security interest is taken pursuant to [R.C. 1317.071] may, after default, dispose of any or all of the collateral only as authorized by this section.
 (B) Disposition of the collateral shall be by public sale only. Such sale may be as a unit or in parcels and the method, manner, time, place, and terms thereof shall be commercially reasonable. At least ten days prior to sale the secured party shall send notification of the time and place of such sale and of the minimum price for which such collateral will be sold, together with a statement that the debtor may be held liable for any deficiency resulting from such sale, by certified mail, return receipt requested, to the debtor at his last address known to the secured party, and to any persons known by the secured party to have an interest in the collateral. In addition, the secured party shall cause to be published, at least ten days prior to the sale, a notice of such sale listing the items to be sold, in a newspaper of general circulation in the county where the sale is to be held.
R.C. 1317.16.
Here, Bugh admits that the notice requirements were met, but stated that she believed she had been taken advantage of by the dealer when she purchased the car for $6,886.50 and it was sold at public sale for a mere $500. Neither party claims that the car was in worse condition when it was returned. Bugh had even had several repairs made on the car during the time she possessed it.
"The burden of proof that the sale was commercially reasonable lies with the secured party." First Nat. Bank, NewBremen v. Turner (1981), 1 Ohio App.3d 152, 155, 439 N.E.2d 1259.
 A secured party should always attempt to sell the repossessed collateral for the best price possible, and where there is a gross discrepancy between the disposal and the original sale price of the repossessed collateral, there must be some affirmative showing on the part of the secured party that the terms of the repossession sale were commercially reasonable.
* * *
 The sale of a repossessed vehicle for one-tenth of the original purchase price nine months after that purchase constitutes a prima facie case of commercial unreasonableness in the absence of evidence that the secured party made good faith efforts to secure a higher price for the vehicle.
Peoples Acceptance Corp. v. Van Epps (1978), 60 Ohio App.2d 100,395 N.E.2d 912. A low sale price alone does not make the disposition of the collateral unreasonable per se. Ford MotorCredit Co. v. Potts (1989), 47 Ohio St.3d 97, 548 N.E.2d 223. InPotts, the Supreme Court of Ohio found a sale to be commercially reasonable when the sale price was higher than the wholesale value of the vehicle and the "minimum bid [was] not advertised and thus [could] have little or no effect on dampening bidding enthusiasm at auction." Id. at 102.
The facts of this case, however, are very different from those in Potts. Here, the car was purchased used six months prior to the default. The purchase price was $6,886.50. Several repairs were required during the time Bugh possessed the car and the repairs were made. North Main has not alleged that the car is in any different condition when it was returned than when they sold it and the testimony concerning the repairs would indicate that the car is in better condition than when it was purchased. Although North Main complied with the notice requirements, it advertised what the minimum acceptable bid at the auction would be. The day of the sale, North Main was the sole bidder and it purchased the vehicle for the minimum bid of $500. This bid was less than one-thirteenth the sale price of the vehicle six months prior. Additionally, no wholesale price was provided for the trial court's consideration. Based upon the facts of this case, the trial court could reasonably have concluded that the sale was commercially unreasonable. Therefore, North Main's first assignment of error is overruled.
North Main's second assignment of error claims the trial court considered inadmissible evidence. The trial court is granted broad discretion concerning the admission of relevant evidence. Rigby v. Lake Cty. (1991), 58 Ohio St.3d 269,569 N.E.2d 1056. This court's review of the trial court's decisions is limited to whether the lower court abused this discretion.State v. Finnerty (1989), 45 Ohio St.3d 104, 543 N.E.2d 1233. An abuse of discretion is more than an error of judgment; it is an attitude of the court that is unreasonable, unconscionable, or arbitrary. Franklin Cty. Sheriff's Dept. v. State Emp. RelationsBd. (1992), 63 Ohio St.3d 498, 589 N.E.2d 24. Additionally, in a trial to the bench we must assume that the trial judge only relied upon relevant, material, and competent evidence. State v. Fox
(1994), 69 Ohio St.3d 183, 631 N.E.2d 124.
Here, North Main claims that the trial court improperly considered Bugh's personal experience in buying a car as well as statements allegedly made to her by an employee of North Main when making its judgment. North Main claims that these statements should not be considered because they are irrelevant. However, the trial court found the statements to be relevant to North Main's intention to hold a commercially reasonable sale. North Main does not show why the trial court's ruling is an abuse of discretion beyond stating that it believes the statements were irrelevant.
In addition, the statements were only recited as part of the trial judge's findings of fact in the case, not as part of the reason why the sale was commercially unreasonable as a matter of law. The judgment was based on the lack of evidence submitted by North Main to show that the sale was commercially reasonable. Therefore, North Main's second assignment of error is overruled.
The judgment of the Marysville Municipal Court is affirmed.
Judgment affirmed.
SHAW, P.J., and EVANS, J., concur.