[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Defendant/Appellant, Modern Finance Company ("Modern"), appeals the judgment of the Bellefontaine Municipal Court awarding damages to the Estate of Robert E. Gammell ("Estate") for Modern's failure to make a commercially reasonable sale of a repossessed 1991 Chevrolet S-10 pick-up truck. The Estate cross-appeals the judgment. For the following reasons we affirm the trial court's judgment.
On November 23, 1994, Robert E. Gammell obtained a loan in the amount of $2,407.14 from Modern by signing a promissory note and a security agreement. The loan was secured by Gammell's 1991 Chevrolet S-10 pick-up truck. At the time Gammell obtained the loan from Modern, he obtained a credit life insurance policy.
Gammell died testate on April 30, 1996 leaving all of his property to Christopher N. Hildreth and appointing him Executor of his Estate. At the time of Gammell's death, he owed approximately $1,285.25 to Modern under the loan.
Modern became aware of Gammell's death and on August 23, 1996, Modern informed Hildreth by letter that the credit life insurance policy would not pay off the entire amount owed to Modern. The letter stated that the approximate payout would be $900.00 from the credit insurance policy.
The first week of September 1996, Steve Lowry appraised the truck at $6,000.00 retail value. At that time, the truck had 73,541 miles on it.
Modern sent Hildreth a second letter on September 10, 1996 with a claim number for the credit life insurance policy. The letter stated that Modern would update Hildreth with developments.
Sometime after September of 1996, Hildreth moved from Bellefontaine to Columbus and communications between Modern and Hildreth broke down. Joyce Cooper, the supervising manager at Modern, attempted to inform Hildreth of the status of the loan and the credit life insurance claim by mailing a letter to his last known address. Cooper was informed by Hildreth's attorney that they did not have Hildreth's correct address and Modern was unable to contact Hildreth.
On January 24, 1997, Hildreth was stopped by the Bellefontaine Police Department and the truck was impounded. On January 28, 1997, Modern learned that the truck was impounded and claimed the truck. At that time, the mileage on the truck was 91,400 which indicated that the truck had been driven approximately 18,000 miles.
The truck was in poor condition when Modern obtained possession of it. Modern cleaned the truck and took it to the Logan Auction where it was sold to Rick Williams for $1,700.00. Hildreth learned of the sale on April 8, 1997. Modern then issued a surplus check to the Estate for $987.79.
Mick Lile is the auctioneer and owner of the Logan Auction. Lile testified that he advertised the sale of the truck in the Bellefontaine Examiner. The sale was part of a general merchandise sale which the Logan Auction has every Wednesday night. Lile testified that the sale of automobiles made up only a small part of his business and that he could not specifically remember the exact way the truck was advertised. Lile did, however, testify to the usual manner in which they advertised vehicles for sale. Lile stated that advertisements for motor vehicles feature bold print around the description of the car to bring it to the public's attention.
Williams testified that the truck was in poor condition at the time he purchased it from the Logan Auction and that the truck needed several improvements. The value of such improvements was between $3,000.00 and $3,700.00. Williams sold the truck after making the repairs for $4,700.00.
The trial court determined that the sale of the truck by Modern was not commercially reasonable and awarded damages to the Estate in the amount of $1,300.00.
Modern appeals from the trial court's judgment setting forth five assignments of error.
 ASSIGNMENT OF ERROR NO. I The trial court erred in failing to apply Ohio Revised Code Statutes 1309.44 through 1309.50 to the facts of this case.
By this assignment of error Modern sets forth two arguments. First, Modern contends that it had a right to repossess the truck according to R.C. 1309.46. Second, Modern contends that pursuant to R.C. 1309.47 it could sell the truck without notice to the Estate because Modern did not seek a deficiency judgment. If notice was required on behalf of the Estate, Modern then contends sufficient notice was given to the Estate.
Under R.C. 1309.46, a secured party has the right to take possession of the collateral on default unless an agreement to the contrary is reached between the parties. A judicial process is not needed if the taking of possession of the collateral can be done without a breach of the peace. R.C. 1309.46. In accordance with R.C. 1309.46, the trial court found that Modern had a right to repossess the truck when it became aware that the truck was impounded and considered its loan to be at risk.
R.C. 1309.47(C) provides in pertinent part that reasonable notification of the time and place of a public sale of collateral must be given by the secured party. The trial court found that notice was reasonably sought by Modern. Inherent in this finding is the determination that Modern complied with R.C. 1309.47.
Therefore, Modern has demonstrated no error as the trial court found for Modern under R.C. 1309.46 and 1309.47. Accordingly, we overrule Modern's first assignment of error.
 ASSIGNMENT OF ERROR NO. II The trial court erred in determining that the 1991 Chevrolet truck was not sold in a commercially reasonable manner.
Modern contends that the truck was sold in a commercially reasonable manner.
In discussing commercial reasonableness, R.C. 1309.50(B) states in part:
 The fact that a better price could have been obtained by a sale at a different time or in a different method from that selected by the secured party is not of itself sufficient to establish that the sale was not made in a commercially reasonable manner. If the secured party either sells the collateral in the usual manner in any recognized market thereof or if he sells at the price current in such market at the time of his sale or if he has otherwise sold in conformity with reasonable commercial practices among dealers in the type of property sold, he has sold in a commercially reasonable manner.
Every aspect of the sale or disposition of the collateral must be reviewed. Huntington Natl. Bank v. Elkins (1990), 53 Ohio St.3d 79, syllabus. The focus of determining whether the disposition of collateral is commercially reasonable is on the procedure used in disposing of the collateral. Id. at 81. The burden is on the secured party to establish that the sale of the collateral was commercially reasonable. Huntington Bank v. Freeman (1989),53 Ohio App.3d 127, 129-30, citing First Natl. Bank v. Turner (1981),1 Ohio App.3d 152; Winters Natl. Bank Trust Co. v. Saker (1979),66 Ohio App.2d 31; and Peoples Acceptance Corp. v. Van Epps
(1978), 60 Ohio App.2d 100.
If a secured party fails to comply with the requirements of1309.47(C), the appropriate value of the collateral is presumed to equal the secured indebtedness. R.C. 1309.47(B)(2)(c); R.C.1309.47(B)(2)(d). The secured party may rebut the presumption by introducing some credible evidence of a lower appropriate value. R.C. 1309.47(B)(2)(d). If a secured party rebuts the presumption, the value of the collateral shall be equal to the actual proceeds of the sale, unless the debtor establishes that a greater amount would have been realized if the secured party had complied with R.C. 1309.47(C). R.C. 1309.47(B)(2)(e). The debtor bears the burden of establishing the amount that would have been realized had the secured party complied with R.C. 1309.47(C).
In the present case, the trial court found that the manner in which Modern sold the truck to Williams was not commercially reasonable. The trial court concluded that the Estate did establish that a greater amount than $1,700.00 would have been realized had Modern complied with R.C. 1309.47(C) and had a commercially reasonable disposition of the truck. The trial court found that the truck was sold at an auction which specializes in household goods at regular Wednesday night auctions. At this auction, motor vehicles are rarely sold. Moreover, Lile, the auctioneer and owner of the auction, could not specify exactly how or when the truck was advertised. These facts led the trial court to determine that the truck was not sold in a commercially reasonable manner.
We agree that the sale of the truck was not commercially reasonable. Modern sold the truck at the Logan Auction. The Logan Auction sells general merchandise at regular Wednesday auctions. At the end of each month, the Logan Auction holds special sales which bring in more customers. The truck, however, was sold at a regular Wednesday auction. Although, Lile testified that he did advertise the truck in the Bellefontaine Examiner, he could not recall how or when the truck was advertised. The usual method for advertising the sale of motor vehicles for the Logan Auction was to have the advertisement feature bold print around the description of the car in order to bring it to the public's attention. No evidence, however, was produced by Modern to fulfill its burden and to demonstrate the way the vehicle in question was advertised. As such, the procedures evidenced by Modern were not sufficient for a commercially reasonable sale of the truck.
Accordingly, Modern's second assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. III The trial court erred in permitting plaintiff-appellee to argue the issue of commercial reasonableness when plaintiff-appellee did not assert this claim in his complaint or conform the pleadings to the evidence at trial pursuant to Ohio Civil Rules 8 and 15.
Modern contends that the trial court erred by allowing testimony on the issue of commercial reasonableness because the complaint failed to set forth such a claim. Thus, Modern argues that the judgment against them is precluded. Prior to trial, Modern filed a motion in limine to exclude such evidence and the trial court overruled the motion.
 Civ.R. 8(A) requires only that a pleading contain a short and plain statement of the circumstances entitling the party to relief. A party is not required to plead the legal theory of recovery or the consequences which naturally flow by operation of law from the legal relations of the parties.
 Illinois Controls, Inc. v. Langham (1994), 70 Ohio St.3d 512,525-26.
Modern argues that the pleadings filed by the Estate set forth only two claims. The first being that Modern failed to properly notice the Estate of the repossession of the truck and the second being that Modern failed to file a claim against the estate. Therefore, Modern presents, commercial reasonableness is not a possible theory of recovery.
The trial court found that the issue of commercial reasonableness was pled appropriately in paragraph six of the complaint. The trial court stated "* * * the plaintiff states that, in pertinent part, Modern Finance sold the vehicle belonging to the Estate of Robert E. Gammell for $1,700.00 without the permission of the plaintiff and without complying with the provisions of Ohio Revised Code 1309.44 through Section 1309.50". The trial court found that the statute on commercial reasonableness, R.C. 1309.47, was encompassed by that language. Thus, the Estate was allowed to proceed under that theory of recovery.
We find that the trial court did not commit error in finding that the Estate did set forth a claim of commercial reasonableness. The Estate's complaint alleged that Modern failed to comply with R.C. 1309.44 through 1309.50. A sale upon default must be commercially reasonable and the standard for commercial reasonableness is set out in R.C. 1309.47. Thus, inherent in the Estate's complaint is the claim that the sale was commercially reasonable. The Estate did not have to amend the complaint pursuant to Civ.R. 15 as the complaint sufficiently complied with Civ.R. 8 to provide notice to Modern of the Estate's claim for relief.
Accordingly, we overrule Modern's third assignment of error.
 ASSIGNMENT OF ERROR NO. IV The trial court erred in failing to apply Ohio Revised Code section 2117.10 to the facts of this case.
Modern contends that the trial court erred by failing to apply R.C. 2117.10 to the facts of this case. Modern argues that under R.C. 2117.10, as a secured creditor with a lien evidenced by a public document, it did not have to file a claim against the Gammell's estate pursuant to R.C. 2117.06.
R.C. 2117.06 basically provides that a creditor who has a claim against an estate must present that claim to the estate within a statutory period of time in writing or the claim will be barred. R.C. 2117.10, however, provides that a secured claimant who does not present his claim to the fiduciary of an estate will have a valid lien if the lien is evidenced by public record or possession of the real or personal property. Kuhnle v. Rusmisel
(1960), 113 Ohio App. 389, 391. In this circumstance, the failure of a secured creditor to present a claim of debt does not affect the lien. R.C. 2117.10.
The trial court did not determine whether R.C. 2117.06
applied in this case. It is undisputed that the certificate of title for the truck was filed with the Clerk of Courts of Logan County, Ohio. Further, the certificate of title contained a notation of Modern's lien on the truck. It is also undisputed that Modern did not file a claim in the Robert E. Gammell estate. The notation on the certificate of title demonstrated Modern's lien. The certificate of title was filed in a public office and therefore, it was public record. See State v. Brooks (1971),27 Ohio St.2d 144, 146-47; Evid.R. 803(8). As such, under R.C.2117.10, Modern did not have to present the claim to the Estate to have a valid lien on the truck.
Modern correctly contends that the trial court failed to apply R.C. 2117.10 to the facts of this case. While the trial court did not make a determination of this issue, we find that the error was harmless because the trial court found that the sale of the truck was not commercially reasonable and we agree. Accordingly, Modern's fourth assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. V The trial court erred in determining that the 1991 Chevrolet truck was not specially advertised or included in the advertisement for the auction at which it was sold.
Modern contends that the decision of the trial court that the truck was not specially advertised prior to the sale is against the manifest weight of the evidence.
In reviewing a weight-of-evidence claim, a judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence.C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, syllabus. We defer to the findings of the trial court since it is in the best position to observe the witnesses and weigh their credibility. Seasons Coal Co., Inc. v. Cleveland (1984), 10 Ohio St.3d 77,80. Further, a difference of opinion on the credibility of witnesses and the evidence is not grounds for reversal. Id.
After having reviewed the record, we find that competent and credible evidence for the trial court's judgment existed. As noted in its judgment the trial court heard testimony from Modern's witness, Lile. The trial court found that the vehicle was sold at the Logan Auction by Lile. The trial court found that the Logan Auction house is an auction house which specializes in the sale of household goods at regular Wednesday night auctions. Lile testified, as the trial court noted, that the sale of motor vehicles makes up a small percentage of his business at the Logan Auction. The trial court determined that no attempt was made to specially advertise the truck, and that Lile could not state for certain how or when the vehicle was advertised.
Modern offered no other evidence that the truck was, in fact, advertised. Modern also presented no evidence on the specific advertisement of the truck. The trial court found that the truck was not advertised in a sufficient manner and the record supports this conclusion.
We are not to substitute our judgment for that of the trial court where a trial court's findings of fact are corroborated by competent and credible evidence. Id. As such, we are unable to find error in the trial court's decision in this matter.
Accordingly, we overrule Modern's fifth assignment of error.
The Estate cross-appeals setting forth two assignments of error.
 CROSS-APPELLANT'S ASSIGNMENT OF ERROR NO. I The trial court erred in failing to apply Ohio Revised Code Sections 1309.44 through 1309.50 to the facts of this case.
The Estate contends that Modern did not have a right to repossess the truck and that Hildreth and the Estate were entitled to notice of the time and place of the sale of the truck.
R.C. 1309.44 through 1309.50 apply upon the default of a debtor in a secured transaction.
First, the Estate argues that Modern did not have a right to repossess the truck. Under R.C. 1309.46, a secured party has the right to take possession of the collateral on default unless an agreement to the contrary is reached between the parties. A judicial process is not needed if the taking of possession of the collateral can be done without a breach of the peace. R.C.1309.46.
The Estate asserts that an agreement was reached with respect to the rights upon default and that Modern was not able to repossess the truck due to this agreement. The Estate contends that Modern was required to give the Estate notice because Modern told Hildreth he would be updated as to the progress of the credit life insurance claim and the balance due.
This argument, however, lacks merit for two reasons. First, the Estate failed to raise the existence of an agreement at the trial court level and as such, it is waived. See Hill v. Urbana
(1997), 79 Ohio St.3d 130, 133, citing In re M.D. (1988), 38 Ohio St.3d 149, syllabus. And second, there is no evidence of Modern's waiver of its statutory remedies.
The trial court found that Modern had a right to repossess the truck when it became aware that the truck was impounded and considered its loan to be at risk. We agree. On January 24, 1997, Hildreth was stopped by the Bellefontaine Police Department and the truck was impounded. On January 28, 1997, Modern learned through a newspaper notice that the truck was impounded. Modern then retrieved the truck from the impoundment lot. At the time of repossession by Modern, the loan made by Gammell was in default. Neither Hildreth nor the Estate made any payments to Modern after Gammell's death even though Hildreth was aware that the credit life insurance policy would not cover the total amount due. In addition, the collateral was in a police impound lot, putting it at risk and causing Modern insecurity as defined by the security agreement. No breach of the peace occurred because Modern obtained the truck from the police impound lot. Thus, Modern acted properly in repossessing the truck.
Second, the Estate argues that notice from Modern was required. Modern contends that it was not required to give notice of the sale of the truck to the Estate because it did not seek a deficiency judgment. If notice was required, Modern then claims proper notice was given.
R.C. 1309.47(C) provides in pertinent part that reasonable notification of the time and place of a public sale of collateral must be given by the secured party.
A lack of notice under R.C. 1309.47(C) gives rise to a rebuttable presumption against any deficiency judgment. R.C. 1309.47(B)(2).
 The central purpose underlying this section is to provide all persons having an interest in the collateral with notice of the disposition of the collateral in order that they may have an opportunity to bid at the sale or otherwise take measures to reduce the potential liability in the event of a deficiency.
 Am. Seaway Foods, Inc. v. Belden S. Assoc. L. P. (1995),72 Ohio St.3d 514, 518. "A creditor complies sufficiently with R.C. 1309.47 if he takes reasonable steps to notify the debtor of the intention to resell repossessed collateral." Soc. Bank, N.A. v.Cazeault (1993), 83 Ohio App.3d 84, 87, citing Ford Motor CreditCo., 47 Ohio St.3d at 99; BancOhio Natl. Bank v. Freeland (1984),13 Ohio App.3d 245; and Freeman, 53 Ohio App.3d 127.
The Estate had a right to notice of the sale of the truck in order to protect its interest in the truck. The trial court found that notice was reasonably sought by Modern. We agree. Modern took reasonable steps to contact Hildreth. Modern attempted to contact Hildreth through the mail to no avail in September 1996. Modern also spoke to Hildreth's attorney and was told that the attorney could not reach Hildreth either. The truck was repossessed over three months after Hildreth's last contact with Modern. Modern's attempts were sufficient given the circumstances.
The trial court found that Modern had a right to repossess the truck and Modern made reasonable attempts to contact Hildreth. Accordingly, the trial court properly applied R.C. 1309.44 through1309.50.
As we have found that Modern had a right to repossess the truck and provided sufficient notice, we overrule the Estate's first assignment of error.
 CROSS-APPELLANT'S ASSIGNMENT OF ERROR NO. II The trial court erred in failing to apply Ohio Revised Code section 2117.10 to the facts of this case.
By this assignment of error, the Estate asserts that Modern did not have the right to repossess the truck and sell it to satisfy its lien after Gammell's death.
The Estate contends that although Modern may have had a valid lien under 2117.10, it did not have the right to repossess the truck and sell it to satisfy its lien once Gammell died. The Estate cites several cases which were decided prior to the adoption of the Uniform Commercial Code and R.C. Chapter 2101 for support.
Previously, we found that Modern had a valid lien under R.C.2117.10. Therefore, Modern was a secured creditor who did not have to present a claim to the Estate to protect its lien. As a secured creditor of the truck, Modern was entitled to the statutory remedies found in R.C. 1309.44 through 1309.50 upon default. As discussed, the rights of possession and sale of the collateral are afforded by these sections. Thus, we find that Modern had the right to repossess and sell the truck under current statutory law.
As such, we overrule the Estate's second assignment of error and dismiss the cross appeal.
Accordingly, the judgment of the trial court is affirmed.
Judgment affirmed and cross appeal dismissed.
 SHAW, P.J., and EVANS, J., concur.